**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LUMINAR TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 25-90807 (CML) |
| | ) | |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF THE**
**THIRD AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF**
<u>**LUMINAR TECHNOLOGIES, INC. AND ITS AFFILIATED DEBTORS**</u>

***Objecting to Confirmation of the Third Amended Plan filed at [ECF No. 433] and***
***Incorporating United States Trustee's Objection filed at [ECF No. 332]***

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "<u>U.S. Trustee</u>"), by and through undersigned counsel, files this Objection to the *Third Amended Chapter 11 Plan of Liquidation of Luminar Technologies, Inc. and Its Affiliated Debtors* (the "<u>Chapter 11 Plan</u>"), filed by Luminar Technologies, Inc. and its affiliated debtors (collectively, the "<u>Debtors</u>"), and in support thereof represents as follows:

1.      The Court should deny confirmation of the Chapter 11 Plan because it fails to comply with the Bankruptcy Code and applicable law. In particular, the U.S. Trustee renews his objection to the use of an opt out mechanism to bind creditors to third party releases and incorporates by reference the arguments previously raised in his *United States Trustee's Objection to Approval of Disclosure*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: LAZR Technologies, LLC (8909); Luminar Technologies, Inc. (4317); Luminar, LLC (7133), Condor Acquisition Sub I, Inc. (0155), and Condor Acquisition Sub II, Inc. (8587). The Debtors' mailing address is 2603 Discovery Drive, Suite 100, Orlando, Florida 32826.

*Statement for Amended Chapter 11 Plan of Liquidation of Luminar Technologies, Inc. and Its Affiliated Debtors and Related Solicitation Procedures* (the "UST Objection"). *See* ECF No. 332.

2.      In addition, the District Court for the Southern District of Texas recently decided *In re Container Store Grp. Inc.*, No. BR 24-90627, 2026 WL 395898 (SD. Tex. Feb. 12, 2026) (*Epstein, U.S. Trustee v. Container Store Grp., Inc.*).  Although the U.S. Trustee submits that a proposed opt-out mechanism renders the third-party releases nonconsensual as to all classes, in direct violation of *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071, 2082-88 (2024)[2], the decision provides further support to the U.S. Trustee's position that a claimant who does not receive anything under a plan cannot be deemed to have consented to a third-party release, which has implications for several specific classes in the Chapter 11 Plan.

3.      In *Container Store*, the district court held that the bankruptcy court erred in concluding that holders of Class 5 and Class 8 claims consented to third-party releases merely by failing to opt out. *Id.* at *20. Class 5 and Class 8 consisted of subordinated-claim holders and equity holders, respectively, who were not entitled to vote and received no recovery under the plan. The district court emphasized that "[c]ourts consistently avoid applying releases to claimants who received nothing under a reorganization plan" and that classes of equity holders who received little or nothing from the bankruptcy did not consent to the third-party release by failing to opt out. *See In re Emerge Energy Servs. LP*, No. 19-11563, 2019 WL 7634308, at *18 (Bankr. D. Del. Dec. 5, 2019).

---

[2] Specifically, as set forth in the previous UST Objection, the Chapter 11 Plan seeks to involuntarily compel creditors — and even unidentified non-debtors — to release their claims against non-debtor third parties unless they timely submit an opt out form, regardless of whether they are eligible to vote on the Chapter 11 Plan or voted. This structure wrongly equates silence or inaction with affirmative consent and improperly treats a creditor's failure to opt out as a binding agreement to third-party releases. Such a mechanism is not only inconsistent with state law and principle of contracts but also renders the third-party releases non-consensual.

4. Here, the following classes are not entitled to vote and will receive no recovery: Class 6, Class 7, Class 8, and Class 9. Accordingly, even to the extent the Court permits the use of an opt-out mechanism as to other Classes, "there is no basis to find that claimants 'who did not respond wanted, in addition losing their equity, to give up even more by releasing claims." *Id.* The Court should not find that these creditors that are not entitled to vote and receive no recovery are bound by the third-party releases simply by their failure to opt out.

5. Further, the district court in *Container Store* also examined whether "the efficacy of the notice, **the economic incentives**, and the structural protections for the absent party—are sufficient to find that the party consented to be bound by the outcome." *Id.* at *17* (emphasis added). Under the Chapter 11 Plan filed in these cases, Class 5 (the General Unsecured Claimants) is projected to receive recoveries of 0-1%. *See* Chapter 11 Plan, Art. IV. Unlike the unsecured creditors in *Container Store* that received full satisfaction of their claims and were therefore unimpaired, the recovery for Class 5 is so nominal that it is analogous to Classes 5 and 8 in *Container Store*. For these claimants, failure to opt out would result not only in the loss of approximately 99% of their claims, but also in a deemed "consent" to relinquish additional rights by releasing claims against non-debtors. Such claimants could not reasonably "sit back … content in knowing that the reorganization would secure them equitable recovery." *Id.* at *17*. Accordingly, to the extent that the Court authorizes the use of the opt out mechanism for other classes, the Court should also not find that creditors receiving less than a 1% recovery that did not return an opt out form consented to the third-party releases.

6. Consistent with the U.S. Trustee's position set forth in the UST Objection, the U.S. Trustee continues to oppose the Chapter 11 Plan's use of an opt-out mechanism for third-party releases for all classes. This mechanism fails to meet the standard for establishing actual consent under applicable state law. In the absence of affirmative consent, the Chapter 11 Plan impermissibly imposes

third-party releases on non-debtors, which renders the Chapter 11 Plan unconfirmable under *Purdue*. But to the extent the Court permits the use of an opt-out mechanism as to other Classes, the U.S. Trustee submits it should not permit it for those classes who are receiving no recovery or nominal recovery under the Chapter 11 Plan.

**WHEREFORE**, the United States Trustee respectfully request this Court deny confirmation of the Chapter 11 Plan and grant such other and further relief as it may deem just and proper.

SIGNED on March 23, 2026.          Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By:      */s/ Jana Smith Whitworth*
Jana Smith Whitworth
SBOT No. 00797453/Fed. ID No. 20656
515 Rusk Avenue, Suite 3516
Houston, Texas  77002
(713) 718-4650
(713) 718-4670 Fax
Email: Jana.Whitworth@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on March 23, 2026.

*/s/Jana Smith Whitworth*
Jana Smith Whitworth